# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LLOYD T. SCHUENKE,**

        Petitioner,

  -vs-

**Case No. 11-C-045**

**MICHAEL S. THURMER,**

        Respondent.

## DECISION AND ORDER

This matter comes before the Court on six motions filed by pro se Petitioner Lloyd T. Schuenke ("Schuenke"). The motions relate to Schuenke's pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet. 24.) By his motions, Schuenke seeks a waiver of Civil Local Rule 9 of the Eastern District of Wisconsin, an extension of time to file his petition, access to the law library, and the production of documents.

### BACKGROUND

Schuenke has a record of juvenile adjudications. Thereafter, in August 1991, Schuenke was tried and convicted on two counts of third-degree sexual assault. (Pet.14.) In December 2000, he completed the two five-year sentences that had been imposed for those crimes and was released from prison. (*Id.*)

In December 2007, he was charged with one count of violating the sex offender registry. (*Id*. at 15.) In May 2008, he was sentenced to two years in state prison, two years extended supervision, and two years probation. (*Id.*)

His petition was filed in the Western District of Wisconsin. It raises a variety of contentions and includes a challenge of his 2008 conviction and sentence for violating the sex offender registry. The matter was transferred to this District on January 13, 2011. (Court's February 16, 2011, Decision &Order, 1.)

On February 16, 2011, this Court ruled that Schuenke's petition did not comply with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. (*Id*.) The Court ordered him to file his petition on the proper form. (*Id*.) Schuenke responded on March 15, 2011, with the four motions. His motions are addressed in this Decision and Order.

**Waiver of Civil Local Rule 9 and Extension of Time**

The Court first addresses Schuenke's motions for a waiver of Civil Local Rule 9 and for an extension of time to file his petition. Schuenke requests that the Court to allow him to "utilize the Rule 2(d) requirement over the Local Rule 9 requirement," (Pl.'s Mot. Waiver, 6). He also requests an 120-day extension of the deadline for filing his petition. (*Id.* at 2.)

On February 16, 2011, the Court directed Schuenke to file his petition on the proper form to meet the standards of Rule 2(c) of the Rules Governing Section 2254 Cases.

The Court also determined that Schuenke's petition did not comply with Rule 2(d) of the Rules Governing Section 2254 Cases which provides that "[t]he petition must substantially follow either the form appended to the Rules Governing Section 2254 Cases in the United States District Courts or a form prescribed by a local district-court rule."

Civil Local Rule 9 provides that "[a]ll persons applying or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, or moving under 28 U.S.C. § 2255 to challenge a sentence imposed by this Court must file their application, petition, or motion with the Clerk of Court using forms available from the Court." Civil L. R. 9 (E.D. Wis.). Schuenke did not file his petition on the Court's form and his petition does not substantially follow either the form appended to the Rules Governing Section 2254 Cases or that prescribed by Civil Local Rule 9. *See* Rule 2(c) of Rules Governing Section 2254 Cases. The Court will not excuse Schuenke's petition from that requirement. If Schuenke wants to proceed further with his action, he must file a petition on the Court-furnished form. The Court will allow Schuenke some additional time to allow him to prepare his petition. However, 120-day extension he requests is excessive. Therefore, the Court will not grant the request in its entirely.

Additionally, preparation of Schuenke's petition should be simplified if he confines his challenge to his current conviction that is the cause of his "in custody" status. Specifically, Schuenke's original petition includes challenges to sentences that he has fully served. Schuenke's petition does not disclose whether he challenged the constitutionality

-3-

of his 1991 conviction and sentence for the two counts of third-degree sexual assault. However, Schuenke does indicate that by April 1993 he had exhausted all state appeals and that "[s]ometime between the years of 1995 and 2000, [Schuenke] . . . filed a post conviction motion in the trial court." (Pet. 14.)

A defendant's conviction becomes final if he "choose[s] not to seek review of his conviction within the prescribed time" or if he "seek[s] review and [does] not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation." *Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S. 394, 403 (2001). "Once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 403-04 (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)). This holding is grounded on the considerations relating to the need for finality of convictions and ease of administration, which are present in the § 2254 context. *Id.* at 402.

There is also no indication that Schuenke's contentions fall under the recognized exceptions to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis of a prior conviction. *See id.* at 404-06 (stating that recognized exceptions include a failure to appoint counsel in violation of the Sixth Amendment; a state

court, without justification, refusing to rule on a constitutional claim that has been properly presented to it; and obtaining compelling evidence after the time for review has expired).

By December 2000, Schuenke had served his two consecutive sentences for third-degree sexual assault. (See Pet. 14.) And, based on the foregoing, he cannot bring a federal habeas corpus petition challenging those convictions and sentences.

**Access to Law Library**

Schuenke also seeks an order granting him full access to the law library between the hours of 7:30 to 10:30 a.m. and 12:30 to 3:30 p.m. daily for the purpose of preparing his petition. In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . . ." However, "[b]ecause *Bounds* did not create an abstract, free standing right to a law library . . . an inmate cannot establish relevant actual injury simply by establishing that his prison's law library . . . is subpar in some theoretical sense . . . Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 823 (1977)); *see also Casteel v. Pieschek*, 944 F. Supp. 748, 752 (E.D. Wis. 1996) ("The Supreme Court stated in *Lewis* that no particular methodology is guaranteed, rather, 'the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . it

is that capability, rather than the capability of turning pages in a law library, that is the touchstone'").

"*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences . . . Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Therefore, an inmate must "demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Id.* at 351.

Schuenke has not demonstrated that the limitations on his access to the law library have hindered his efforts to pursue his claim. The only information about Schuenke's access to the law library is that he has been given "D-Minus minimal access to the law library." (Pl.'s Mot. Waiver, 5.)

Schuenke does not contend that he has been denied all access to the law library, or other materials. Additionally, he does not describe what "D-minus minimal access" to the library entails. Schuenke "cannot claim [he] was denied access to the courts to attack [his] convictions or sentences." *Casteel*, 944 F. Supp. at 752. Therefore, Schuenke's motions for an order allowing him access to the law library are denied.

**Discovery**

Schuenke requests the production of documents so that he can provide the Court with the requested information. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899 (1997).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts affords the Court discretion, upon a showing of "good cause," to allow a petitioner to engage in discovery. *See also, Hubanks v. Franks,* 392 F.3d 926, 933 (7th Cir. 2004) (holding that in order "to satisfy the two requirements of the Rule 6(a) test for discovery," a petitioner "must: (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause" for the discovery.") Additionally, Rule 6(b) requires that the party requesting discovery provide reasons for the request and include any proposed interrogatories and requests for admission, and must specify any requested documents. While Schuenke has provided the Court with his proposed requests for production, his motions for discovery do not meet the other criteria of Rule 6 and, therefore, are denied.

**Conclusion**

In conclusion, for the reasons stated above, Schuenke's motion for a waiver of Civil Local Rule 9 is denied. However, Schuenke will be allowed some additional time to

file his petition on the proper form. Additionally, Schuenke's motions for an order granting him access to the law library and to produce documents are denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Schuenke's motion for a waiver of Civil Local Rule 9 (Docket No. 25) is **DENIED.**

Schuenke's motion for an extension of time to prepare his petition (Docket No. 25) is **GRANTED to the extent he may file his petition on the proper form on or before Tuesday, October 11, 2011, and DENIED in all other respects;**

Schuenke's motions for access to the law library (Docket Nos. 14 & 25) are **DENIED**; and,

Schuenke's motions for production of documents (Docket Nos. 5 & 25) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA
U.S. District Judge**